IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LAMARR DONALD, SR., and DIANE COTTRELL DONALD, Plaintiffs, | § § § § | |
| v. | § § | CIVIL ACTION NO. 4:18-02410 |
| METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS, Defendant. | § § § § § | |

## MEMORANDUM AND ORDER

Before the Court in this insurance coverage dispute is Defendant's Motion to Sever and Abate ("Motion") [Doc. # 20]. Plaintiffs have filed a Response to Defendant's Motion to Sever and Abate ("Response") [Doc. # 21]. Defendant has not filed a reply and its time to do so has expired.[1] The Motion is now ripe for decision. Having reviewed the parties' briefing, relevant matters of record, and pertinent legal authorities, the Court **denies** Defendant's Motion.

### I. BACKGROUND

This case is an insurance dispute over benefits under a homeowners insurance policy issued by Defendant Metropolitan Lloyds Insurance Company of Texas ("Metropolitan") to Plaintiffs Lamarr Donald, Sr., and Diane Cottrell

---

[1] *See* S.D. Tex. Local R. 7.4; Hon. Nancy F. Atlas, Court Procedures and Forms, R.7(A)(4).

Donald. Plaintiffs allege Metropolitan improperly denied and/or underpaid claims for damage to Plaintiffs' house and other property caused by Hurricane Harvey. Plaintiffs assert a claim against Metropolitan for breach of the insurance contract as well as extra-contractual claims based on the Texas Insurance Code for failure to promptly pay the insurance claim and for bad faith.

Metropolitan moves to sever and then abate Plaintiffs' extra-contractual claims.

## II.  GOVERNING LAW

"Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law." *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996). Neither party contests that whether claim severance and separate trials are warranted are procedural issues governed by federal law. *See Hardesty Builders, Inc. v. Mid-Continent Cas. Co.*, No. CIV.A C-10-142, 2010 WL 2787810, at *2 (S.D. Tex. July 14, 2010) (holding that claim severance is a procedural issue governed by Federal Rule of Civil Procedure 21); *Hous. McLane Co., Inc. v. Conn. Gen. Life Ins. Co.*, No. CIV.A. H-06-1508, 2006 WL 3050812, at *1 (S.D. Tex. Oct. 24, 2006) (holding that whether to separate trials is a procedural issue governed by Rule 42(b)). Nevertheless, federal courts find state law persuasive "in determining whether separate trials should be ordered." *See Hous. McLane Co.*, 2006 WL 3050812, at *1.

## III. DISCUSSION

Metropolitan moves to sever and then abate Plaintiffs' extra-contractual claims. Metropolitan argues severance and abatement are appropriate because Plaintiffs' extra-contractual claims are dependent on a finding that Metropolitan breached the insurance contract. According to Metropolitan, if it is absolved of liability on Plaintiffs' breach of contract claim, then the time, effort, and money expended litigating the extra-contractual claims will be for naught.[2]

Metropolitan does not cite a rule or a legal standard to govern its requests. It is unclear if Metropolitan seeks severance of the extra-contractual claims from this lawsuit or merely seeks a separate trial on those issues. Metropolitan's Motion is **denied**.

### A. The Court Will Not Sever Plaintiffs' Extra-Contractual Claims from this Lawsuit

Under Federal Rule of Civil Procedure 21, federal courts may "sever any claim against a party." "Severance under Rule 21 creates two separate actions or suits where previously there was but one." *United States v. O'Neil*, 709 F.2d 361, 368 (5th Cir. 1983). "Where a single claim is severed out of a suit, it proceeds as a

---

[2] Metropolitan frames its request to abate the extra-contractual claims as dependent on severance or separation of the extra-contractual claims. *See* Motion [Doc. # 20], at 4 ("Furthermore, since the contractual and extra-contractual claims in this case must be severed or tried separately, the extra-contractual claims must necessarily be abated.").

3

discrete, independent action, and a court may render a final, appealable judgment in either one of the resulting two actions notwithstanding the continued existence of unresolved claims in the other." *Hayes v. Miller*, 341 F. App'x 969, 970 n.1 (5th Cir. 2009) (per curiam) (quoting *Allied Elevator, Inc. v. E. Tex. State Bank of Buna*, 965 F.2d 34, 36 (5th Cir. 1992)). Under Rule 21, district courts have discretion to sever claims "in the interest of avoiding prejudice and delay, ensuring judicial economy, or safeguarding principles of fundamental fairness." *See Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521 (5th Cir. 2010) (per curiam) (internal citations omitted). The party advocating severance "has the burden to show that severance is warranted." *Hardesty Builders*, 2010 WL 2787810, at *2.

The Court is unpersuaded that severance is appropriate.[3] Severing the extra-contractual claims "will save time and resources only if, in fact, [Metropolitan] prevails on the contractual claim." *See id.* "If it does not, then a great deal of time will be wasted retaking [certain] depositions, engaging in additional discovery, empanelling a new jury, and conducting a second trial." *See Hous. McLane*, 2006 WL 3050812, at *2. At this stage, "the Court is not in any position to guess which

---

[3] The Court does not agree with Metropolitan's premise that a breach of the insurance contract in issue is an absolute prerequisite for a statutory bad faith claim. *See USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 492-94 (Tex. 2018).

4

outcome might be more likely," the "judicial economy argument is therefore a wash." *See id.* at *3. Metropolitan has not established that discovery on Plaintiffs' extra-contractual claims will be unduly burdensome. Indeed, discovery on the contractual claims likely will encompass many of the same documents and witnesses as involved in the extra-contractual causes of action.

Metropolitan also argues that severing Plaintiffs' extra-contractual claims will avoid a situation where Metropolitan would have to choose whether or not to reveal matters protected by the attorney-client privilege. According to Metropolitan, Plaintiffs' contractual claim does not implicate these protected materials, but the extra-contractual claims potentially will because they involve Metropolitan's handling of the insurance claims. Metropolitan's concern can be addressed by a carefully crafted protective order permitting Metropolitan to mark materials as "Attorneys' Eyes Only."

The Court declines, in its discretion, to sever Plaintiffs' extra-contractual claims from this suit.

**B.     The Court Will Not Order Separate Trials But May Bifurcate a Single Trial of Plaintiffs' Claims If Shown to Be Warranted at the End of Discovery**

It appears Metropolitan relies on Federal Rule of Civil Procedure 42(b), which provides "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues,

5

claims, crossclaims, counterclaims, or third-party claims." Rule 42(b) "authorizes district courts to order a separate trial of any claim if the interests of judicial economy, convenience, and fairness will be furthered." *Hardesty Buildings*, 2010 WL 2787810, at *2 (quoting *Peace Lake Towers, Inc. v. Indian Harbor Ins. Co.*, 2007 WL 925845 (E.D. La. 2007)).

The procedure authorized by Rule 42(b) should be distinguished from severance under Rule 21. Separate trials may occur in a single case but usually result in one judgment, while severed claims become independent actions to be discovered and tried independently with separate judgments entered. *See McDaniel v. Anheuser-Busch, Inc.*, 987 F.2d 298 (5th Cir. 1993). "[T]he decision to bifurcate "is a matter within the sole discretion of the trial court." *Conkling v. Turner*, 18 F.3d 1285, 1293 (5th Cir. 1994) (quoting *First Tex. Sav. Ass'n v. Reliance Ins. Co.*, 950 F.2d 1171, 1174 n.2 (5th Cir. 1992)). "[T]he burden is on the party seeking separate trials to prove that separation is necessary." *Hous. McLane*, 2006 WL 3050812, at *2.

Bifurcation of trials may be handled in different ways, such as with trials before different juries, or two segments of a single trial before the same jury. The Court is unpersuaded that trial of the contractual and extra-contractual issues need be completely separated as Metropolitan requests. Rather the Court will impanel a

6

single jury and try this case in two phases, as appropriate, after full discovery is completed.

IV. **ORDER**

For the foregoing reasons, it is hereby

**ORDERED** that Defendant's Motion to Sever and Abate [Doc. # 20] is **DENIED**.

SIGNED at Houston, Texas, this 21st day of **February, 2019.**

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE